## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHARLES LEE**                                    **CIVIL ACTION**

**VERSUS**                                         **NO.  12-1185**

**WARDEN N. BURL CAIN,**                           **SECTION "J"(4)**
**LA. STATE PRISON**


## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

I.     **Factual and Procedural Background**

The petitioner, Charles Lee ("Lee"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  In this petition, Lee challenges his 1997 conviction for

---

[1]Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

possession of a stolen automobile.[3]  Lee was later convicted on two counts of armed robbery in another unrelated case in Orleans Parish, Case No. 397-827.[4]  The 1997 possession of a stolen automobile conviction was used in the multiple bill filed in the latter case.[5]  In that case, Lee is now serving concurrent prison sentences of 49½ years as a second offender without benefit of parole, probation, or suspension of sentence.[6]  The State has provided the Court with the records from both cases.  The Court will outline the 1997 case record and those relevant portions from the 1998 case record.

On July 18, 1997, Lee and a co-defendant, Kevron Powell, were charged by bill of information in Orleans Parish in Case No. 390-871 with possession of a stolen vehicle valued over $500.00.[7]  Lee was 17 years old at the time of the crime on June 4, 1997.[8]

On July 31, 1997, Lee and Powell, each accompanied by counsel, entered pleas of guilty to the charge.[9]  After waiver of legal delays, the Court sentenced Lee and Powell each to serve four years in prison, which was suspended.  The Court placed each of them on three years of active probation and assessed each of them $1,500.00 as restitution.

---

[3]Rec. Doc. No. 3, p. 1; Rec. Doc. No. 25, p. 3.

[4]St. Rec. Vol. 2 of 4, Bill of Information, 5/7/98 (397-827); Trial Minutes, 10/24/98 (397-827); St. Rec. Vol. 3 of 4, 4th Cir. Opinion, 99-KA-1404, 5/17/00.

[5]St. Rec. Vol. 2 of 4, Multiple Bill, 11/10/98 (397-827).

[6]St. Rec. Vol. 2 of 4, Minutes of Multiple Bill Hearing, 1/14/99 (397-827); St. Rec. Vol. 3 of 4, Multiple Bill Hearing Transcript, 1/14/99 (397-827).

[7]St. Rec. Vol. 1 of 4, Bill of Information, 7/18/97.

[8]St. Rec. Vol. 1 of 4, Sentence and Condition of Probation, p. 2, 7/31/97 (showing Lee's birth date to be December 27, 1979); *see also*, St. Rec. Vol. 4 of 4, Trial Court Judgment, 6/24/11 (bearing Case No. 397-827).

[9]St. Rec. Vol. 1 of 4, Plea Minutes, 7/31/97; Waiver of Constitutional Rights Plea of Guilty, 7/31/97; Plea Minutes (Powell), 7/31/97; Waiver of Constitutional Rights Plea of Guilty (Powell), 7/31/97; Plea Transcript, 7/31/97; Sentence and Condition of Probation, 7/31/97.

Lee's conviction and sentence became final five (5) days later, on August 7, 1997, because he did not seek reconsideration of the sentence or move for an appeal.  La. Code Crim. P. art. 914;[10] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)); *see* La. Code Crim. P. art. 13 (weekends and holidays not included in calculation of period less than seven days).

On April 20, 1998, the State filed a Rule to Show Cause seeking to have the Trial Court revoke Lee's probation for his failure to properly report to the probation officer and because he had been arrested on March 21, 1998, for armed robbery while in possession of a firearm or dangerous weapon.[11]  At a hearing held April 27, 1998, the Trial Court revoked Lee's probation and made his original sentence executory, committing Lee to serve four (4) years in prison in the custody of the Louisiana Department of Corrections with credit for time served.[12]

Well over eleven (11) years later, on October 2, 2009, Lee apparently submitted to the Trial Court a motion seeking to withdraw his guilty plea on the basis that he did not know the essential elements of the offense charged and the record lacked a factual basis for the plea.[13]  The Trial Court

---

[10]At the time, a criminal defendant had to move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence.  La. Code Crim. P. art. 914 (later amended by La. Acts 2003, No. 949, § 1 to allow 30 days).  Failure to move timely for appeal renders the conviction and sentence final at the expiration of the Article 914 period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[11]St. Rec. Vol. 1 of 4, Rule to Show Cause, 4/20/98; Letter from Probation and Parole Officer, 3/30/98.

[12]St. Rec. Vol. 1 of 4, Revocation Hearing Minutes, 4/27/98.

[13]St. Rec. Vol. 4 of 4, Motion to Withdraw Guilty Plea (dated 10/2/09).  The record does not contain a filed copy of this motion.  The record confirms that the motion was filed and addressed by the state trial court.

reportedly denied the motion on December 4, 2009.[14]  Lee sought review of that ruling in the Louisiana Fourth Circuit.[15]  The Court denied the application on February 23, 2010, finding that the motion to withdraw the plea was not timely filed under La. Code Crim. P. art. 930.8,[16] and there was no error in the trial court's denial of relief.[17]  On February 25, 2011, the Louisiana Supreme Court also denied Lee's subsequent writ application for seeking untimely relief, citing La. Code Crim. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995).[18]

Two months later, on April 19, 2011, Lee apparently submitted another post-conviction motion challenging the jurisdiction of the state trial court to preside over his criminal case while he was a juvenile based on the United States Supreme Court's ruling in *Graham v. Florida*, __ U.S. __, 130 S. Ct. 2011 (2010), which addressed life imprisonment for juvenile offenders under the age of 18.[19]  Lee filed this motion under the case number, Case No. 397-827, which was his 1998 criminal case on the two counts of armed robbery.  The Trial Court addressed the motion with respect to the case in which it was filed.[20]  On June 24, 2011, the Trial Court denied the motion after concluding

---

[14]*See* St. Rec. Vol. 4 of 4, 4th Cir. Writ Application, 2010-K-0131, p. 2, 1/27/10 (dated 1/12/10); 4th Cir. Order, 2010-K-0131, 2/23/10.  The record does not contain a copy of the Trial Court's ruling.

[15]St. Rec. Vol. 4 of 4, 4th Cir. Writ Application, 2010-K-0131, 1/27/10 (dated 1/12/10).

[16]La. Code Crim. P. art. 930.8 provides the time period for a defendant to file for post-conviction relief in the state courts.

[17]St. Rec. Vol. 4 of 4, 4th Cir. Order, 2010-K-0131, 2/23/10.

[18]St. Rec. Vol. 4 of 4, La. S. Ct. Order. 2010-KH-0552, 2/25/11; La. S. Ct. Writ Application, 10-KH-552, 3/11/10 (postmarked 3/3/10, dated 3/2/10); La. S. Ct. Letter, 2010-KH-552, 3/11/10 (showing postmark 3/3/10).  In *State ex rel. Glover*, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under La. Code Crim. P. art. 930.8, even if the lower court addressed the merits or did not consider timeliness.

[19]St. Rec. Vol. 4 of 4, Trial Court Judgment, 6/24/11 (bearing Case No. 397-827); 4th Cir. Writ Application, 2011-K-1025, p. 1, 7/26/11 (dated 7/21/11); 4th Cir. Order, 2011-K-1025, 8/4/11.

[20]St. Rec. Vol. 4 of 4, 4th Cir. Writ Application, 2011-K-1025, p. 1, 7/26/11 (dated 7/21/11); 4th Cir. Order, 2011-K-1025, 8/4/11; Trial Court Judgment, 6/24/11 (bearing Case No. 397-827).  Neither of the state court records contains a copy of the motion itself.

that *Graham* was inapplicable to Lee's case, because the opinion did not address a state court's jurisdiction over a juvenile case and because Lee was an adult when he was charged with the two armed robbery counts.[21] Alternatively, the Court also held that, even if he was a juvenile, the Court had jurisdiction over Lee's armed robbery case under Louisiana law.

On July 21, 2011, Lee sought review of the order in the Louisiana Fourth Circuit conceding that he filed the motion under the wrong case number and that he had intended to file the motion in the 1997 case, Case No. 390-871.[22] On August 4, 2011, the Appellate Court issued an order indicating that it reviewed Lee's claims in connection with the 1997 case and found that he was not entitled to relief.[23] The Louisiana Supreme Court denied Lee's subsequent writ application on April 27, 2012, as seeking untimely relief, citing La. Code Crim. P. art. 930.8 and *State ex rel. Glover*.[24]

## II.    Federal Petition

On May 31, 2012, the clerk of this Court filed Lee's petition for federal habeas corpus relief, in which he alleges that the Orleans Parish Criminal District Court did not have jurisdiction over his case based on the retroactive ruling of the United States Supreme Court in *Graham*, which was issued on May 17, 2010.[25] The State filed a memorandum in opposition to Lee's petition arguing that (1) although Lee's sentence has expired, the claims could "arguably" be considered since the

---

[21]St. Rec. Vol. 4 of 4, Trial Court Judgment, 6/24/11 (bearing Case No. 397-827); St. Rec. Vol. 2 of 4, Docket Entry, 6/28/11 (Case No. 397-827).

[22]St. Rec. Vol. 4 of 4, 4th Cir. Writ Application, 2011-K-1025, 7/26/11 (dated 7/21/11).

[23]St. Rec. Vol. 4 of 4, 4th Cir. Order, 2011-K-1025, 8/4/11.  One judge issued a dissenting opinion noting that it would remand the motion to the Trial Court to be considered under the proper case number and to consider the jurisdictional issue based on Lee's age at the time of possession of stolen goods offense.

[24]St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2011-KH-1903, 4/27/12; La. S. Ct. Writ Application, 11-KH-1903, 8/31/11 (postmarked 8/29/11, dated 8/26/11).

[25]Rec. Doc. No. 3, pp. 5, 19.

conviction was used to enhance his current sentence on the 1998 armed robbery charges, and (2) his request for habeas review is untimely filed.[26]

In his reply, Lee makes clear that he is not attacking his current sentence in the 1998 case and that his intent is to only challenge the 1997 conviction for possession of a stolen automobile directly.[27]   Under a broad reading, he contends that, because the conviction had the collateral consequence of subjecting him to the habitual offender laws, the federal court has jurisdiction to hear his claim.   He also argues that the retroactive application of *Graham* on collateral review renders his federal petition proper and timely before the Court.   With regard to the merits of his claim, Lee further argues that the holding in *Graham* created a new rule of law defining a juvenile as an offender under the age of 18, and at the time of his 1997 offense, Louisiana defined a juvenile as an offender under age 17.   He argues that, since he was 17 at the time, he was a juvenile and the Orleans Parish Criminal District Court did not have jurisdiction over his case.

## III.   <u>General Standards of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[28] applies to this petition, which is deemed filed in this court under the federal mailbox rule on May 10, 2012.[29]   Generally, the threshold questions in habeas review under the

---

[26]Rec. Doc. No. 24.

[27]Rec. Doc. No. 25, p. 2.

[28]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[29]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378

amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

In this case, the State contends that Lee is "arguably" in custody for purposes of this Court's jurisdiction to consider his petition and that the petition is not timely filed.  While the Court agrees that Lee's petition is not timely under the AEDPA, a review of the record reflects that this Court is without subject matter jurisdiction over Lee's habeas corpus petition challenging the 1997 guilty plea and conviction, and it can be dismissed for that reason.

## IV.  The "In Custody" Requirement of Subject Matter Jurisdiction

Title 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief <u>only</u> from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'"  *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and have exhausted state court remedies).  The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be "in custody" for the conviction or sentence under attack at the time the petition is filed.  *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (whether a petitioner is "in custody" is

---

(5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Lee's federal habeas petition on May 31, 2012, when the filing fee was received after denial of pauper status.  Lee's petition was received from him by the prison officials for scanning and emailing to the Court on May 10, 2012.  The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his *pro se* petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

determined as of the date on which the habeas petition is filed); *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985).

The *Maleng* Court further held that a habeas petitioner is not considered to be "in custody" when his sentence has expired for the challenged conviction.  *Maleng*, 490 U.S. at 492 (citing *Carafas*, 391 U.S. at 238); *Hendrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir. 1989) (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of section 2254); *accord Steverson v. Summers*, 258 F.3d 520, 524 (6th Cir. 2001); *Pleasant v. State*, 134 F.3d 1256, 1258 (5th Cir. 1998).  While recognizing that a prisoner need not be physically confined to be "in custody" for the purposes of § 2254, the Court noted:

> We have never held, however, that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.  Indeed, our decision in *Carafas v. La Vallee*, *supra*, strongly implies the contrary.

*Maleng*, 490 U.S. at 491 (emphasis in original).

For the following reasons, Lee was not in custody or serving a sentence for the 1997 conviction for possession of the stolen automobile when this petition is deemed filed on May 10, 2012.  Louisiana law provides in relevant part that sentences of imprisonment for unrelated crimes "shall be served <u>consecutively</u> unless the court expressly directs that some or all of them be served concurrently." (emphasis added) La. Code Crim. P. art. 883; *see State v. Sanders*, 734 So.2d 1276, 1278-79 (La. App. 5th Cir. 1999) (La. Code Crim. P. art. 883 provides for consecutive sentences for sentences imposed for separate crimes).  As to sentences imposed upon revocation of probation, and where the defendant is eventually convicted of another crime, as in Lee's case, "the sentence shall run <u>consecutively</u> with the sentence for the new conviction, unless the court originally imposing the

suspension or probation specifically orders that said sentences are to be served concurrently, in which case the court minutes shall reflect the date from which the sentences are to run concurrently." La. Code Crim. P. art. 901(a), (c)(2) (emphasis added). In other words, unless the first state court declares that a sentence after probation revocation is to run concurrently with a sentence imposed upon conviction for another a crime, the sentences by law run consecutively. *See State v. Boudreaux*, 11 So.3d 1190, 1195 (La. App. 3d Cir. 2009) ("Because the sentencing judge in the [revocation] did not order that the sentence run concurrently with the sentence that might be imposed on the instant conviction, the provisions of La. Code Crim. P. art. 901(C)(2) mandate that the latter sentence be consecutive.")

In this case, when Lee's probation as to the 1997 guilty plea was revoked after his arrest in 1998, the state trial court ordered him to serve the previously imposed but suspended four year prison sentence with credit for time served. In reinstating Lee's prison sentence, the state trial court made no provision for that sentence to run concurrently with any other sentence. Significantly, Lee was serving the balance of the four years on the revocation sentence <u>before</u> the conviction and sentence for the armed robbery convictions were in place. Consequently, under Louisiana law, Lee was to serve the revocation sentence prior to the commencement of sentences for the armed robbery convictions. For these reasons, Lee was <u>not</u> and is not in custody pursuant to, or for purposes of challenging, the 1997 conviction for possession of a stolen automobile and that conviction is "regarded as conclusively valid." *Lackawanna*, 532 U.S. at 403.

In this case, however, the State suggests that Lee's *Graham* claim may "arguably" fall under an exception to the *Lackawanna* "in custody" rule since his 1997 conviction was used to enhance his current sentence on the armed robbery convictions. The United States Supreme Court has

declared that only one exception exists to the "in custody" requirement.  In *Lackawanna* and its predecessor, *Daniels v. United States*, 532 U.S. 374 (2001), the Supreme Court recognized this single exception to be when there is a Sixth Amendment claim that counsel was not appointed in connection with the prior conviction.  Lee has made no such claim in this case.

The State cites *Daniels* for the proposition that other exceptions were declared which would "arguably" allow for consideration of Lee's *Graham* claim.[30]  Curiously, the State also argues that *Graham* created no constitutional right relevant to Lee's 1997 conviction.  Nevertheless, without citation or reference of any kind, the State has seemingly created its own exception to exist; that is, if the Court understands the argument offered, a new rule of law made retroactive to collateral review creates an exception to the "in custody" rule, because the petitioner "did not have a channel of review" for a law that did not yet exist.  The State's reading of *Daniels* is overly broad.

In *Daniels*, the Supreme Court held that, under 28 U.S.C. § 2255, when "a prior conviction [used to enhance a federal sentence] is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then the defendant is without recourse."  *Daniels*, 532 U.S. at 382.  The Court went on to comment that "[w]e recognize that there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own."  The *Daniels* Court did not define its comment.  The Court followed the comment with a few citations which arguably may have been intended as examples of these "rare cases," which were newly discovered evidence and an impediment to post-conviction review created by

---

[30]Rec. Doc. No. 24, pp. 7-8.

governmental action in violation of federal law.  *Id*. at 384.  The Court, however, found that the case before it did not raise any such exception.  *Id*. at 383.

Later, in *Lackawanna*, where the Court extended the *Daniels* holding to § 2254 petitions, the Court in *dicta* noted as it had in *Daniels* that other exceptions might exist under rare circumstances not otherwise the fault of the petitioner.  *Lackawanna*, 532 U.S. at 405.  The Court suggested that such exceptions may occur (1) when a state court, without justification, has refused to rule on a properly presented constitutional claim, and (2) where a defendant subsequently obtains compelling evidence of his actual innocence that could not have been discovered in a timely manner.  *Id*. at 405; *see also Abdus-Samad v. Bell*, 420 F.3d 614, 630 (6th Cir. 2005).  Neither of these circumstances exist in this case, especially considering that Lee entered a plea of guilty to the possession of stolen goods charge and his attempts to obtain relief were addressed by the state courts.

The Supreme Court did not mention, discuss, or reference a new rule of law as one of these potential exceptions in either *Daniels* or *Lackawanna*.  This Court has not located any Supreme Court or other federal case that would include this as an exception to the "in custody" requirement.  The State's suggestion that Lee is "arguably" in custody is baseless.

Furthermore, even if such an exception existed, the *Graham* case, on which Lee relies, is inapplicable to his 1997 conviction and sentence.  In *Graham*, the Supreme Court held that, under the Eighth Amendment, "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide," and the States must give "a juvenile offender convicted of a nonhomicide crime . . . some meaningful opportunity to obtain release."  *Graham*, 130 S.Ct. at 2030, 2034.  To be clear, the United States Fifth Circuit has resolved that this holding

in *Graham* is a new rule of law made applicable on collateral review.  *In re Sparks*, 657 F.3d 258, 262 (5th Cir. 2011).

Lee, however, was not sentenced to life imprisonment for the conviction for possession of stolen goods, and he most definitely was sentenced with an opportunity for release.  As outlined previously, Lee's four year sentence was initially suspended, and he was placed on active probation. Lee was returned to jail on that charge only after he chose to commit two additional violent crimes in 1998 while still on probation.  The holding is *Graham* is not applicable to Lee's 1997 conviction or sentence for possession of a stolen automobile.

Lee naively suggests that *Graham* also declared a new rule of law that state district courts lack jurisdiction over criminal charges against juveniles under the age of 18.  He claims that this "new rule" demonstrated that the Orleans Parish Criminal District Court did not have jurisdiction over his possession of a stolen automobile case which occurred when he was only 17.  The *Graham* Court made no such decree on the jurisdictional requirements of the state courts over juveniles under the age of 18.  That was not an issue in or ruling of the case.

In fact, the references in *Graham* to the "age of 18" as a relevant maturity transition point are direct references to its 2005 opinion in *Roper v. Simmons*, 543 U.S. 551 (2005), in which the Court addressed the unconstitutionality of the execution of individuals under the age of 18 in capital cases.  *Id.* at 574.  In *Roper*, the Court repeatedly distinguished between "juveniles under 18 and adults" in reaching its decision.  *E.g.*, *Roper*, 543 U.S. at 569, 573-74.  In doing so, the *Roper* Court resolved that "[t]he age of 18 is the point where society draws the line for many purposes between childhood and adulthood."  *Id*. at 574.  This is one of the many quotes from *Roper* relied upon in *Graham* to support its holding regarding life sentences for juvenile offenders.  *Graham*, 130 S.Ct.

at 2030.  Clearly, *Graham* was not the Supreme Court's first declaration that juveniles can be defined as those individuals under the age 18.  Lee's suggestion that this facet of the *Graham* opinion was "new law" is erroneous.

Thus, to the extent *Daniels* or *Lackawanna* would allow an exception to the "in custody" requirement for a new and retroactive rule of law, it would not enure to Lee's benefit in this case. For the foregoing reasons, the State's suggestion that Lee is "arguably" in custody is not well-founded.  Lee is not in custody for purposes of challenging the 1997 conviction and he meets no recognized exception to that requirement.  His petition should be dismissed for that reason.

Nevertheless, should Lee's case be found to fall within any of the narrow exceptions, and out of an abundance of caution, the Court will also address the State's limitations defense.

## V.      Lee's Petition Is Time Barred

The AEDPA as codified at § 2244(d), provides that a habeas petitioner has one year to file a petition from one of four possible commencement points:

(1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

     A.     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     B.     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

     C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

     D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Lee does not assert and the record does support any basis for considering a commencement date under § 2244(d)(1)(B) or (D) where an impediment or new factual predicate exists.[31]  Lee argues instead that his federal petition should be found timely under § 2244(d)(1)(C), claiming that the *Graham* opinion, issued May 17, 2010, established a new rule of law made retroactive on collateral review.  He argues that this commencement date, combined with the statutory tolling afforded his state court post-conviction pleadings, renders his federal petition timely filed.  The State argues, however, that, because *Graham* is inapplicable to Lee's circumstances, it does not act as a trigger for his filing under the AEDPA.

### A.      The Date of the *Graham* Decision

As the Court has already discussed in detail and concluded, the *Graham* opinion did not address the jurisdiction of a state district court over juvenile proceedings nor did it create a new rule of law defining juveniles as those under the age of 18.  The language in *Graham* referencing the "age of 18" as the pinnacle distinction between adults and juveniles was taken from the Court's 2005 opinion in *Roper*.  *See Graham*, 130 S.Ct. at 2030.  The *Roper* case also cites back to even older Supreme Court opinions addressing the rights of juveniles under the age of 18.  Thus, even before 2005, the Supreme Court had clearly recognized the age of 18 is the general age of distinction with regard to sentencing ramifications.

The Court also notes that the Supreme Court did <u>not</u> hold or suggest in *Roper* that a state district court could not exercise jurisdiction over a juvenile under the age of 18.  The Court has not located any such blanket decree by the United States Supreme Court.  Nevertheless, the *Graham*

---

[31]Lee's challenge is to the jurisdiction of the state trial court over his initial proceeding.  He has not challenged the revocation of his probation.  The later revocation did not act as a new factual predicate or commencement date for his claim.

Court's subsequent citation and reference to the declarations in *Roper* on this point clearly establish that *Graham*'s distinction between adults and juveniles under age 18 was not new law.

Lee's arguments in this regard are misplaced.  He has not established that he is entitled to a commencement of the AEDPA one-year filing period under § 2244(d)(1)(C), running from the issuance of *Graham*.  Therefore, the sole remaining commencement date for Lee to have presented his federal habeas petition was the date of the finality of his conviction.

### B.      From the Date of Finality of His Conviction

Under § 2244(d)(1)(A), a petitioner must bring his § 2254 claim within one year of the date his conviction became final.  *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). The record is clear in this case, that Lee has not met this provision.

As previously outlined, Lee's conviction was final on August 7, 1997, which was five days after he entered his plea of guilty and was sentenced.  Under the plain language of § 2244, Lee had one year, or until August 7, 1998, to file a timely federal application for habeas corpus relief, and he failed to do so.  Thus, literal application of the statute would bar Lee's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2) (2006).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th

Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table).  For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).  The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001) (motion to withdraw a guilty plea is "other collateral review"), *overruled on other grounds by Carey*, 536 U.S. at 214.  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, Lee's conviction was final on August 7, 1997.  The AEDPA filing period began to run the next day, on August 8, 1997, and did so uninterrupted for 365 days, until August 7, 1998, when it expired.  Lee had no properly filed state post-conviction or other collateral review

pending at that time related to this conviction.  Lee did not initiate any post-conviction proceedings related to this conviction until eleven (11) years later when he submitted a motion to withdraw his guilty plea on October 2, 2009.  A filing made after the AEDPA filing period has expired does not afford him any tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.  Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman*, 184 F.3d at

17

402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In this case, Lee has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling.  The doctrine does not apply here.

Lee's federal petition is deemed filed in this Court on May 10, 2012, which is almost fourteen (14) years after the AEDPA filing period expired on August 7, 1997.  Therefore, Lee's federal petition was untimely filed and can also be dismissed for that reason.

## VI.    <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Charles Lee's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** because the Court lacks subject matter jurisdiction, or alternatively as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[32]

New Orleans, Louisiana, this 10th day of May, 2013.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[32]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.