```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

LEE                                              CIVIL ACTION

VERSUS                                           NO: 12-1185

CAIN                                             SECTION "J" (4)

### O R D E R

Before the Court is Petitioner Charles Lee's objection **(Rec. Doc. 27)** to the Report and Recommendation of the United States Magistrate Judge **(Rec. Doc. 26)**. Having reviewed the objection, the Report and Recommendation of the United States Magistrate Judge, the record, and the applicable law, the Court finds that Petitioner's objection should be **OVERRULED** and that the Report and Recommendation of the Magistrate Judge should be **ADOPTED** with the following clarification.

The Magistrate Judge's Report and Recommendation found that Petitioner is not "in custody" for the purposes of habeas review, because his sentence for the 1997 conviction he is challenging has fully expired. In making this determination, the Magistrate Judge relied on the United State Supreme Court's decision of <u>Maleng v.</u>

Cook, 490 U.S. 488 (1989). In Maleng, the Court noted that it had "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his [habeas] petition is filed." 490 U.S. at 490. Subsequent to Maleng, the Supreme Court also decided Lackawanna County District Attorney v. Cross, 532 U.S. 394 (2001), which applied Maleng's principles and holding directly to 28 U.S.C. § 2254 cases.[1] The Magistrate Judge also cites to Lackawanna in her Report and Recommendation.

    In Lackawanna, the Court explained that a petitioner would not be found to be "in custody" merely because the prior expired conviction for which he was seeking relief was used to enhance a subsequent sentence that a petitioner was serving. 532 U.S. at 401. However, the Court also acknowledged that where a petition could be read as asserting a challenge to the subsequent conviction or sentence, rather than just the prior expired conviction, then the Petitioner might be found to be "in custody." Id. In both Maleng and Lackawanna, the Court found that the petitions in question could be construed as asserting an attack on the subsequent enhanced sentence (not solely the expired conviction that provided the enhancement); therefore, the Court found that the petitioners

---

[1] Petitioner in the instant case has requested relief under 28 U.S.C. § 2254.

in those cases could be deemed to be "in custody." See id.

In the instant case, Petitioner is currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He serving concurrent prison sentences of 49 ½ years for a 1998 conviction on charges of armed robbery while in possession of a firearm or dangerous weapon. Petitioner's current sentence was enhanced by a conviction that he obtained in 1997.[2] In his petition, Petitioner clearly explains that he is challenging his 1997 conviction for possession of stolen property over $500.00. Rec. Doc. 2. Likewise, in his objection, Petitioner specifically states that he is not attacking his current sentence, but rather, only his prior 1997 conviction.[3] In fact, Petitioner himself states that his case is distinguishable from Lackawanna because he "is not under the scope of review as a petitioner whom is attacking a current sentence." Rec. Doc. 27, p. 3. Thus, the Court explicitly finds that Petitioner's petition cannot be construed as an attack on the sentence he is currently serving for his 1998 conviction, but only as an attack on his 1997 conviction. Because the conviction has

---

[2] Rec. Doc. 26, p. 2 ("The 1997 possession of a stolen automobile conviction was used in the multiple bill filed in the [1998] case. In that case, Lee is now serving concurrent prison sentences of 49 ½ years as a second offender . . . .").

[3] Rec. Doc. 27, p. 3 ("Lee has made it clear, as the Judge has stated in pg. 6 of the R & R, that he is not attacking his current sentence.").

expired,[4] Petitioner is not "in custody" for the purposes of habeas review.[5]

Furthermore, the Court also finds that the Magistrate Judge's alternative finding that Petitioner's habeas claim is time barred is also correct. The Court **ADOPTS** that section of her report as the Court's opinion in this matter without any clarifications or additions. Accordingly,

**IT IS ORDERED** that the petition of Charles Lee for issuance of a writ of habeas corpus under Title 28 U.S.C. § 2254, is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 30th day of May, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[4] See Rec. Doc. 26, pp. 8-9 (explaining why Petitioner's 1997 conviction has expired).

[5] The Court notes that in his objection, Petitioner argues that he is "in custody" for the purposes of habeas jurisdiction because there is a "demonstrable nexus" between his current conviction and the expired conviction that he is actually challenging in his petition. Petitioner bases his objection on Young v. Lynaugh, 821 F.2d 1133 (5th Cir. 1987) and Willis v. Collins, 989 F.2d 187 (5th Cir. 1993). While this Court notes that both Young and Willis do stand for the principle espoused by Petitioner, it points out that in Hendrix v. Lynaugh, 888 F.2d 336 (5th Cir. 1989), the Fifth Circuit specifically recognized that the Young custody test was "no longer viable in light of" the Supreme Court's decision in Maleng.