UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES LEE                                          CIVIL ACTION

VERSUS                                               NO: 12-1185

N. BURL CAIN, WARDEN                                 SECTION: "J"

### ORDER & REASONS

Before the Court is Petitioner's *Motion for Relief from Judgment* **(R. Doc. 38)**, a response thereto filed by Respondent **(R. Doc. 54)**, and a reply by Petitioner **(R. Doc. 56)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

On May 31, 2012, Petitioner, Charles Lee, filed a petition for writ of habeas corpus, which this Court dismissed with prejudice on May 30, 2013. (R. Docs. 28, 29.) On June 18, 2013, Petitioner appealed this Court's decision to the Fifth Circuit, which was also denied (R. Docs. 31, 35, 36.) On June 3, 2014, the Supreme Court denied Petitioner's request for writ of certiorari. (R. Doc. 37.) On January 21, 2016, Petitioner filed a Rule 60(b) motion for relief from judgment. (R. Doc. 38.) Petitioner argues that this Court misrepresented the law, which constitutes "fraud committed by the magistrate judge." Id. at 3, 5. On June 6, 2016, this Court ordered that the Attorney General and District Attorney

file an answer to Petitioner's application. (R. Doc. 41.) After granting extensions for Respondent to answer, on August 4, 2016, a response was filed by Respondent. (R. Doc. 54.) In short, Respondent argues that Petitioner's motion should be denied because it is untimely and lacks merit. Id. at 3-5. Thereafter, Petitioner filed a reply in opposition. (R. Doc. 56.) Petitioner's Rule 60(b) Motion for Relief from Judgment is now before the Court on the briefs.

## LEGAL STANDARD

Rule 60(b) provides that a court, "[o]n motion and just terms," may "relieve a party or its legal representative from a final judgment, order, or proceeding" due to:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

As the moving party, Petitioner has the burden to show why the Court should vacate the Court's prior judgment. League of United Latin Am. Citizens, Dist. 19 v. City of Boerne, 659 F. 3d 421, 438 (5th Cir. 2011). However, granting relief under Rule 60 is "an extraordinary remedy which should be used sparingly." Templet v.

2

HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion to vacate a judgment is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. at 478.

Motions pursuant to Rule 60(b)(1)-(3) carry a limitation period of one year. Davis v. Cain, No. 4-1475, 2016 WL 5337808, at *1 (E.D. La. Sept. 23, 2016). For a Rule 60(b)(6) motion, "reasonable time" is "defined by the particular facts and circumstances of each case." Associated Marine Equip., LLC v. Jones, 407 F. App'x 815, 816 (5th Cir. 2011). These time limitations will apply unless the movant can show good cause for the delay, which is evaluated on a case-by-case basis. In re Osborne, 379 F.3d 277, 283 (5th Cir. 2004). While the Supreme Court has acknowledged the important role Rule 60(b) can play in federal habeas cases, the Supreme Court has made clear the rule is not to be used to attack the district court's resolution of a claim on the merits, but rather a "defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532-34 (2005). Further, Rule 60 cannot be used to present new claims for relief from the state court conviction unless it relies on either a new rule of constitutional law or newly discovered facts as required under AEDPA. Id. at 531-532, citing § 2244(b)(2).

## DISCUSSION

Petitioner's motion provides that he is challenging this Court's ruling under Rule 60(b)(3), as he argues throughout his briefs that "[t]he court has fraudulently misrepresented circuit law" and that this court "deliberately refused to apply circuit law." (R. Doc. 38 at 3, 5; R. Doc. 56 at 2-5).[1] Further, Petitioner argues that "the acts of the court in the habeas proceedings [consist] of acts of impropriety that the record along with the relevant law [prove] the District Court's failure to apply the law." (R. Doc. 56 at 3.) This Court rendered judgment on Petitioner's habeas petition on May 30, 2013. (R. Docs. 28, 29.) Under Rule 60(b)(3), Petitioner was required to file a motion to amend judgment within one year of the judgment. Under Rule 60(b)(6), Petitioner was require to file a motion to amend judgment within a reasonable period of time. The Court finds that Petitioner's January 21, 2016 motion is untimely and must be dismissed. Petitioner has not given any explanation for the protracted delay in the filing of his 60(b) motion,[2] nor has he

---

[1] Petitioner also argues that he is bringing this motion under Rule 60(b)(4) and (6). (R. Doc. 56 at 7.) However, Petitioner again argues that this court has "refused to abide by circuit law," and that the judgment was based on the incorrect interpretation of jurisprudence which is in actuality the same challenge he presents under Rule 60(b)(3). Respondent appears to have raised these arguments in an attempt to circumvent the one-year limitation on Rule 60(1)-(3) motions.

[2] Petitioner's motion was filed over two and a half years after this Court's judgment dismissing his habeas petition, two years after the Fifth Circuit denied his appeal, and a year and a half after the Supreme Court denied his petition for writ of certiorari.

raised any arguments nor produced any evidence that has not already been raised in prior proceedings.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion for Relief from Judgment* **(Rec. Doc. 38)** is **DENIED**.

New Orleans, Louisiana this 5th day of October, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE